UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TAMMY EDWARDS                                                                                            PLAINTIFF

VS.                                                                       CIVIL ACTION NO. 3:16-cv-46-DPJ-FKB

STATE OF MISSISSIPPI; JACKSON, MISSISSIPPI;
RANKIN COUNTY; AND RIDGELAND, MISSISSIPPI                                      DEFENDANTS

REPORT AND RECOMMENDATION

On January 27, 2016, Plaintiff Tammy Edwards filed a complaint [1] in this court, identifying the following defendants: State of Mississippi; Jackson, Mississippi; Rankin County; and Ridgeland, Mississippi. [1] at 1.  Plaintiff filed a motion to proceed *in forma pauperis* [2], which the court ultimately granted [3].  Having reviewed and liberally construed the complaint *sua sponte*, the undersigned recommends that this case be dismissed without prejudice.

Pursuant to Section 1915 of Title 28, United States Code, which governs proceedings *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).  The Fifth Circuit has held that under the statute, "[a] claim may be dismissed for failure to state a claim upon which relief can be granted if, assuming all well-pleaded facts are true, the plaintiff has not stated enough facts to state a claim to relief that is plausible on its face."  *James v. McDuffie*, 539 Fed. Appx. 435, 435 (5th Cir. 2013) (citation omitted).[1]  To properly state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).  "A claim has facial plausibility

---

[1] Section 1915(e)(2)(B) applies to *pro se* non-prisoner cases, as well as prisoner cases. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002).

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Further, federal courts are courts of limited jurisdiction and must dismiss an action, *sua sponte*, if jurisdiction is lacking. *See Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985) ("[J]urisdiction goes to the core of the court's power to act, not merely to the rights of the particular parties.  If jurisdiction could be waived or created by the parties, litigants would be able to expand federal jurisdiction by action, agreement, or their failure to perceive a jurisdictional defect."); *Weckesser v. Zurich Assurance*, No. 1:07-cv-1027, 2007 WL 4097588, at *1 (S.D. Miss. Nov. 15, 2007).  "[B]y whatever route a case arrives in federal court, it is the obligation of both district court and counsel to be alert to jurisdictional requirements." *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 593 (2004).

Because the court has permitted Plaintiff to proceed *in forma pauperis* in this action, the complaint is subject to *sua sponte* dismissal under Section 1915.  Having liberally construed the complaint, the court cannot determine what legal claims Plaintiff is asserting.  Further, the court cannot determine whether Plaintiff wishes to sue the state, county, certain municipalities, or other individuals.  Although the State of Mississippi, the cities of Jackson and Ridgeland, and Rankin County are named as defendants, the complaint fails to provide supporting factual allegations regarding each purported defendant or to provide addresses for service of process.  The complaint fails to identify the damages sought, other than a statement that Plaintiff is "sending a SOS for help in this matter." [1] at 3.  Moreover, both Plaintiff's Civil Cover Sheet [1-1] and the complaint provide no basis for federal jurisdiction in this matter.  Diversity of citizenship

pursuant to 28 U.S.C. § 1332 does not appear to be present, the United States Government has not been identified as a party, and Plaintiff has presented no claims that would invoke a federal question. Accordingly, the undersigned recommends that this case be dismissed.

Because the court has not considered the merits of Plaintiff's purported claims and there have been no substantive proceedings on the purported claims before the court, the dismissal would be without prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636.

Respectfully submitted, this the 2nd day of February, 2016.

    /s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE